IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRISTOBAL S. MORENO** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. RWT-07-1515 |
| | * | |
| **PF HURLEY, INC., et al.** | * | |
| | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On June 8, 2007, Plaintiff Cristobal S. Moreno filed a complaint against Defendants P.F. Hurley, Inc. and Patrick Hurley. He alleged that Defendants had violated the Fair Labor Standards Act by having him work in excess of forty hours per week and failing to pay him an appropriate minimum wage and overtime pay. After a two-day non-jury trial on October 14 and 15, 2008, the Court entered judgment in favor of Defendants. The Court held that Plaintiff had failed to prove the amount of overtime he had worked and had failed to prove that Defendants were "joint employers." Zachary Kitts ("Kitts") of Cook & Kitts, PLLC ("Cook & Kitts") represented Plaintiff. Jonathan Rose ("Rose") and Emily Seymour ("Seymour") of Sheppard, Mullin, Richter and Hampton, LLP, represented Defendants.

On October 22, 2008, Defendants filed a Motion for Sanctions alleging that the actions of Kitts and Cook & Kitts had multiplied the proceedings and unreasonably increased the cost of litigation. Specifically, Defendants alleged that Kitts and Cook & Kitts failed to adequately investigate the factual basis of Plaintiff's complaint. They also alleged that Kitts and Cook & Kitts repeatedly failed to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's orders by filing an improper and baseless motion *in limine* and neglecting to prepare the Pretrial Order, Jury Instructions, Voir Dire Questions, and Special Verdict Form (collectively, "Pretrial Documents"). Defendants request the Court to impose sanctions on Kitts and Cook & Kitts equal to the fees incurred in opposing Plaintiff's Motion *in Limine* and in assuming Plaintiff's burden of preparing the Pretrial Documents.

**I.**

An attorney submitting a pleading to the Court certifies that he has made a reasonable inquiry into its factual basis and that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).  If the Court determines, after notice and a reasonable opportunity to respond, that a party has violated any part of Rule 11(b), the Court may impose sanctions on any offending attorney, law firm, or party.  Fed. R. Civ. P. 11(c)(1).  The purpose of Rule 11 sanctions is to deter litigation abuse.  *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002).  Other objectives of Rule 11 sanctions include victim compensation and judicial administration.  *In re Sargent*, 136 F.3d 349, 352–53 (4th Cir. 1998).  Any sanction that the Court imposes must be limited to "what suffices to deter repetition of the conduct."  Fed. R. Civ. P. 11(c)(4).

The attorney's pre-filing investigation must uncover some factual basis to support the allegations in the complaint.  *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).  If the complaint is unsupported by *any* evidence, then Rule 11 sanctions are appropriate.  *Id.*  Inexperience or incompetence does not excuse a Rule 11 violation.  *Id.*  "[T]he existence of numerous irrelevant, unsubstantiated, and sensational allegations" in the complaint may also be grounds for sanctions.  *In re Kunstler*, 914 F.2d 505, 515 (4th Cir. 1990).  However, sanctions are not available under Rule 11 for an attorney's willful refusal to engage in discovery in good faith.  *Bakker v. Grutman*, 942 F.2d 236, 241 (4th Cir. 1991).  Furthermore, Rule 11 is not an appropriate vehicle to sanction conduct during the course of a law suit that does not involve the signing of pleadings, motions, or other papers.  *Simpson v. Welch*, 900 F.2d 33, 36 (4th Cir. 1990).

Defendants allege that Kitts and Cooks & Kitts failed to adequately investigate the factual basis for his client's claims.  (Defs.' Mot. 3.)  The only evidence of Plaintiff's alleged unpaid overtime compensation at trial was his own memory of the events.  *Id.*  In his testimony at trial, Plaintiff was unable to identify with any precision which weekends he worked overtime and for how

long. (*Id.* at 3–4.) Kitts alleges that, prior to filing, Plaintiff provided him with official and unofficial pay stubs and notes that communication with Plaintiff was difficult because Plaintiff speaks little English. (Pl.'s Opp'n at 1–2.) In their briefs, neither party contests these factual allegations. Assuming, therefore, that Plaintiff provided Kitts with testimony and pay stubs indicating that he had worked overtime, Kitts had reason to believe that further discovery would provide a reasonable factual basis for Plaintiff's claims. Accordingly, the Court concludes that Rule 11 sanctions against Kitts or Cook & Kitts would be inappropriate for failure to adequately investigate the factual basis of his client's claims.[1]

## II.

Under Rule 16(f), the Court may sanction a party, its attorney, or both for failure to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f)(1)(C), f(2). Under 28 U.S.C. § 1927 (2006), the Court may also require any attorney who "multiplies the proceedings of a case unreasonably and vexatiously" to pay the excess costs, expenses, and attorneys' fees. Section 1927 penalizes litigation *conduct*, regardless of the merits of the case. *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). "Vexatious conduct involves either subjective or objective bad faith." *United States for the Use & Benefit of Union Light & Power Co. v. CamCo Const. Co.*, 221 F. Supp. 2d 630, 634 (D. Md. 2002) (quotation marks omitted). Failure to voluntarily dismiss a complaint after its lack of merit is apparent may be grounds for sanctions under § 1927. *Salvin v. Am. Nat'l Ins. Co.*, 281 F. App'x 222, 226 (4th Cir. 2008).

Even absent an enabling rule or statute, a court may sanction abusive litigation practices under its inherent powers. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Because of the potency of its inherent powers, a court must exercise them with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). A court may assess attorney's fees if a party's

---

[1] In any event, the Defendants do not press the issue and do not provide any information as to the total costs of defense of the action.

conduct directly contravenes a court order or the party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (quotation marks omitted).

(a) The Motion In Limine

Defendants first claim that Plaintiff's Motion *in Limine* [Paper No. 17] was procedurally deficient and meritless, and needlessly multiplied the proceedings. (Defs.' Mot. 2.) Defendants allege that the motion itself is ambiguous. *Id.* at 5–6. If it was a Motion to Strike, then Defendants allege that Plaintiff's counsel should have filed it within twenty days of receipt of Defendants' Answer. *Id.* At 5. If it was a Motion to compel interrogatory responses, then Defendants allege that Plaintiff's counsel should have filed it within thirty days of receipt of Defendants' responses. *Id.* at 6. Plaintiff's counsel also sought to exclude certain documents from evidence in the motion, alleging that Defendants had not produced them timely. (Pl.'s Opp'n at 7–8.) The Court ultimately denied Plaintiff's Motion *in Limine* on October 3, 2008. [Paper No. 30].

The Court has already concluded that the Motion *in Limine* lacked merit, but that does not necessarily translate into a basis for the imposition of sanctions. It would certainly appear that the motion is more reflective of sloppy record-keeping practices and negligence on the part of counsel for the Plaintiff than a significant failure to comport with procedural norms that would warrant the imposition of sanctions. Accordingly, the Court declines to grant an award of sanctions with respect to the Plaintiff's Motion *in Limine*.

(b) The Pretrial Order

Defendants also claim that Plaintiff's counsel directly contravened Local Rule 106.3 and the Court's Pretrial Scheduling Order by failing to prepare the required Pretrial Documents. (Defs.' Mot. 6.) On June 25, 2008, the Court conducted a telephone status conference with counsel for both parties. During that status conference, the Court specifically reminded the parties of their need to comply with the Local Rules of this Court regarding the preparation of the Pretrial Documents and reminded them that it was a joint and consultative process. The Court entered a memorandum order on June 26, 2008, directing the parties to file their jointly approved Voir Dire Questions, Jury

4

Instructions, and Verdict Forms on or before September 22, 2008. [Paper No. 15]. Under Local Rule 106.3, the plaintiff must prepare the first draft of the Pretrial Order and serve it upon the defendant at least fifteen days before the order is due.  Local Rule No. 106.3 (D. Md. 2008).  Because the Pretrial Order was due on September 22, 2008, Plaintiff should have submitted his draft to Defendants by September 5, 2008. [Paper No. 15].  Instead, Plaintiff submitted his draft on Friday, September 19, 2008 at 10:10 p.m.  (Defs.' Mot. Ex. D.)  Additionally, Plaintiff's counsel made no effort to collaborate with Defendants' counsel  to prepare the Pretrial Documents, leaving this burden entirely to the Defendants.  Finally, Plaintiff, without warning, waived his right to a jury trial at the pretrial conference.  (Pl.'s Opp'n at 7.)  This rendered preparation of the Voir Dire Questions, Jury Instructions, and Verdict Forms by the Defendants completely unnecessary and forced them to prepare entirely separate proposed Findings of Facts and Conclusions of Law for the bench trial that ensued.

By failing to submit a draft of the Pretrial Order to the Defendants on time, neglecting to assist in the preparation of the other Pretrial Documents, and then waiting until the Pretrial Conference to waive his right to a jury trial, Plaintiff's counsel needlessly multiplied the proceedings in this case.  Moreover, Defendants bore much of the added costs of Plaintiff's indifferent failures to prepare for the Pretrial Conference.  Accordingly, this Court holds that sanctions for this behavior are appropriate.

There is simply no excuse for the numerous failures of counsel for the Plaintiff in connection with the Pretrial Documents.  Not only did the Court specifically remind him of the need to comply with the Local Rules of this Court, but also a memorandum order was entered reminding him of that fact on June 26, 2008.  Moreover, by letter dated September 4, 2008, counsel for the Defendants reminded him of the need to submit his draft of the Pretrial Order.  (Defs.' Mot. Ex. A.)  On September 16, 2008, eleven days after the draft Pretrial Order was due from counsel for the Plaintiff, he was reminded by counsel for the Defendants of his failure to provide the Pretrial Documents, to which his flippant response was "Calm down, Jonathan."  *Id.* Ex. C.  He then stated that he would

call counsel for the Defendants "tomorrow to discuss the pretrial order, and I am sure we can get everything resolved with regards [sic] to the order." *Id.* No such discussion took place, and the next communication from counsel for the Plaintiff came in the form of an email sent at 10:10 p.m. on Friday evening September 19, 2008. *Id.* Ex. D. The Court finds this behavior of Kitts to be egregious, unprofessional, discourteous, and in disregard of specific directives given to him orally by the Court and in writing. It was, quite simply, reprehensible.

### III.

Kitts alleges that if any award of sanctions is appropriate, the fees requested by Defendants are unreasonable. (Pl.'s Opp'n 13.) In support of this allegation, Kitts cites *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226–28 (4th Cir. 1978) for the proposition that the Court must consider twelve factors when assessing attorney's fees. Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Id.* n.28. Kitts argues that Defendants have not made any attempt to connect their estimated fees to these twelve factors. (Pl.'s Opp'n 13.) Kitts further contends that Defendants' fees are inconsistent with the "Laffey Matrix," an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia. *Id.* at 14.

Defendants allege that their counsel's hourly rates and the amounts of time counsel spent opposing Plaintiff's Motion *in Limine* and preparing the Pretrial Documents were reasonable. (Defs.' Reply at 10–11.) Over the course of the litigation, Defendants' counsel charged Defendants $325/hour for Seymour's time and $440/hour for Rose's time. (Defs.' Mot. Ex. E ¶ 4.) Defendants allege that Seymour spent 17.5 hours preparing the Opposition to Plaintiff's Motion *in Limine* and

that Rose spent 1.8 hours reviewing Seymour's work for a total of $6,479.50. *Id.* Defendants also allege that Seymour spent 22.8 hours preparing the Pretrial Documents and that Rose spent 4.8 hours reviewing and editing the Pretrial Documents for a total of $9,522, although Defendants only claim $7,141.50 for this task. *Id.* ¶¶ 5–6. Defendants have attached Seymour's and Rose's biographies as evidence of their experience. (Defs.' Reply Ex. 1.)

In support of an award of fees, Defendants submitted a Declaration of Jonathan Rose (Defs.' Motion Ex. E). The Declaration identified the number of hours spent by Rose and Seymour in various aspects of the work, and described the rates involved as being "discounted." *Id.* ¶¶ 4–5. Unfortunately, the Declaration submitted by Defendants does not comply with the requirements for an award of fees in the Fourth Circuit. In *Robinson v. Equifax Information Services LLC*, 560 F.3d 235 (4th Cir. 2009), the Fourth Circuit set forth in detail the factors that are required to be considered in determining the amount of an award of fees, where such an award is appropriate. Among the factors that must be addressed by a person seeking a recovery of fees is that the fees be reasonable. *Id.* at 243. In determining the question of reasonableness, the fee applicant must not only detail the hours actually logged in the matter, but must also produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which an award is sought. *Id.* at 245. The Fourth Circuit specifically rejected use in this Circuit of the Laffey Matrix, and reversed an award of fees when the fee applicant only attested to his own normal billing rate and the billing rate of his associate. *Id.* In the face of this controlling precedent of the Fourth Circuit, this Court declines to make an award of fees. That does not, however, end this Court's inquiry.

**IV.**

By virtue of Rules 11(c)(4) and 16(f), 28 U.S.C. § 1927, and its inherent powers, this Court has the power to fashion a sanction that will defer repetition of comparable conduct, including non-monetary directives.

The conduct by Kitts in this case was discourteous, unprofessional, and disrespectful to this Court and, accordingly, this Court condemns it in the strongest possible terms. Kitts is a member of the Virginia State Bar, which, in connection with the admission of new members to the bar of the Commonwealth of Virginia, requires all new admittees to attend a Mandatory Course on Professionalism. It is obvious that Kitts needs a refresher. Accordingly, the Court will, by order, direct that he attend the next Mandatory Course on Professionalism conducted by the Virginia State Bar and submit an affidavit to this Court confirming that he has complied with this requirement.[2] If he fails to do so, the Court will be prepared to grant leave to the Defendants to submit a supplemental declaration in support of an award of monetary sanctions.

A separate order follows.


Date: September 29, 2009                      /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

[2] The Court has been advised by officials of the Virginia State Bar that an attorney ordered by this Court to attend the course will be permitted to do so.